UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:18-cv-00385-D

| | | |
|---|---|---|
| SAMUEL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CONSENT PROTECTIVE ORDER** |
| v. | ) | |
| | ) | |
| TOWN OF SPRING LAKE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

NOW COME the parties, by consent and through counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and enter the following consent agreement and Order allowing the release of private personnel information and employment records, including information rendered confidential under state law. *See* N.C. Gen. Stat. § 160A-168. It is anticipated that such documentation or information will be requested during the course of discovery in this action.

This Order governs the handling and disclosure of all materials produced, given, or filed herein by the Parties and designated as "CONFIDENTIAL." For purposes of this Order, CONFIDENTIAL INFORMATION includes, but is not limited to, private personnel information and employment records.

**WHEREFORE, IT IS HEREBY ORDERED that:**

1. "CONFIDENTIAL INFORMATION" as used herein includes, but is not limited to:

   a. All documents and information that are not public record and/or are made confidential by the North Carolina or Federal Rules of Civil Procedures;

   b. All documents and information that are contained in a personnel file maintained by any party; and

   c. All documents and information protected from disclosure under N.C. Gen. Stat. §

1

160A-168.

2. The documents and information produced by the Parties that contain confidential information shall be marked "CONFIDENTIAL" by the Parties. The confidential documents, including copies of summaries thereof, shall be disclosed only for official use in this action, and for no other purpose whatsoever.

3. The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed, or released to anyone other than:

   a. The Court;

   b. The Parties to this action, counsel for the Parties to this action, their legal assistants and other staff members and employees, and the Defendant's insurance carrier.

   c. Experts or consultants retained by the Parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

   d. Court reporters or videographers engaged to record depositions, hearings, or trial in this action;

   e. Outside companies engaged by counsel for the Parties to photocopy such documents; and

   f. As directed by the Court for purposes of trial.

   4. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

   a. Any person described in subparagraphs 3(a), 3(b), 3(d), 3(e) or 3(f) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

   b. With respect to disclosures to any person set forth in subparagraph 3(c) of this Order, the party disclosing the CONFIDENTIAL INFORMATION shall inform

any persons to whom disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by this Order. The parties shall obtain from such person(s) a written statement in the form of Exhibit A, attached hereto. A record of all persons to whom disclosures are made shall be kept and all the written statements signed by those persons shall be retained in the possession, custody, and control of counsel by whom the person is retained. All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

5. The production or disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections to the relevancy, admissibility, discoverability, or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

6. No CONFIDENTIAL INFORMATION produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation.

7. Before filing any information that has been designated "CONFIDENTIAL INFORMATION" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that

produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however. Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

8. The designation of information as CONFIDENTIAL INFORMATION by the designating party shall not be deemed an admission by the receiving party that such information is entitled to that designation. Any challenge to the designating party's confidentiality designation shall be made as promptly as the circumstances permit, but no later than thirty (30) days after the receipt of the designated CONFIDENTIAL INFORMATION by the receiving party.

a. A party wishing to challenge a confidentiality designation shall begin the process by conferring directly with counsel for the designating party. The challenging party must explain why it believes the confidentiality designation is improper. The designating party shall have five (5) business days in which to review the designated material and either re-designate the material or explain the basis for the chosen designation. A challenging party may not proceed to the next stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the designating party.

b. If the parties are unable to informally resolve a challenge to a particular designation, the challenging party may file and serve an appropriate Motion to the Court that identifies the challenged CONFIDENTIAL INFORMATION and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the designating party in the meet and confer dialogue. The designating party shall have the right to file and serve an appropriate response to the Court. Until the Court rules on the challenge, the material in question shall continue to be treated as confidential under the terms of this Order.

9. The designation of documents or information as "CONFIDENTIAL INFORMATION" shall not be conclusive for purposes of the substantive issues in this case.

10. The inadvertent, unintentional, or in camera disclosure of CONFIDENTIAL INFORMATION shall not, under any circumstances, be deemed a waiver, in whole or

in part, of any party's claims of confidentiality.

11. Within sixty (60) days after entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall return all CONFIDENTIAL INFORMATION produced pursuant to this Order (including all copies of the same) to the party producing said information or shall destroy the same with a written confirmation by the party's counsel of record that all such information and copies of the same have, in fact, been returned or destroyed; provided, counsel shall be permitted to retain any copies of confidential material or information, including that counsel's litigation work produce or evidence of privileged communications for their case files. These copies shall continue to be maintained subject to the terms of this Order.

12. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

13. Nothing in this Order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege, or constitutes attorney work product materials.

14. Either party may at any time seek modification of this Protective Order by agreement, or failing agreement, by motion to the Court.

This the ____ day of September, 2019.

| WOODEN BOWERS PLLC | HARTZOG LAW GROUP LLP |
|---|---|
| /s/ Walter L. Bowers, Jr._ | /s/ Katie Weaver Hartzog_ |
| WALTER L. BOWERS, JR. | KATIE WEAVER HARTZOG |
| 301 McCullough Drive, Ste. 400 | 1903 N. Harrison Ave., Suite 200 |
| Charlotte, NC 28262 | Cary, NC 27513 |
| Telephone: (704) 919-3421 | Telephone: (919) 670-0338 |
| Facsimile: (704) 973-9380 | Facsimile: (919) 714-4635 |

| Email: walter.bowers@wobolaw.com | E-mail: khartzog@hartzoglawgroup.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

APPROVED AND SO ORDERED

Dated:  September 17, 2019

_____
Robert T. Numbers, II
United States Magistrate Judge

**EXHIBIT A**

This is to certify that the undersigned has received and reviewed a copy of the Consent Protective Order entered by this Court with regard to the review of CONFIDENTIAL INFORMATION.

This is also to certify that the undersigned agrees to comply with the terms of said Protective Order, and that the undersigned will not disclose any CONFIDENTIAL INFORMATION to any person or entity, with the exception of the following qualified recipients:

1. The Court presiding and its officers; and

2. Counsel of record and employees of counsel of record.

The undersigned agrees to maintain the CONFIDENTIAL INFORMATION reviewed pursuant to this undertaking in confidence, and agrees that such information shall not be used for any purpose other than the prosecution or defense of the pending litigation.

The undersigned further agrees not to disclose any CONFIDENTIAL INFORMATION to any other persons except in accordance with the above.

The undersigned further agrees that following its review of this CONFIDENTIAL INFORMATION, it will return all originals and copies of this information to counsel of record, and will not maintain any documents relative to its review of the CONFIDENTIAL INFORMATION beyond the conclusion of this case.

Finally, the undersigned understands that any violation of the terms of the Protective Order previously entered by this Court could result in sanctions by the Court, including, but not limited to, the use of the Court's contempt powers.

Agreed to and signed this the \_\_\_\_ day of _____, 2019.

                                          _____
                                          Signature

                                          _____
                                          Printed Name